Richard H. Edwards, Esq. County Attorney, Franklin
You have asked whether a part-time assistant district attorney may also serve as the social services attorney for Franklin County.
Your letter notes that the social services attorney is responsible for representing the department of social services in child support cases, abuse and neglect cases and other social services matters. This individual's duties as assistant district attorney involve prosecution of DWI offenses and misdemeanor cases.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The district attorney is responsible for prosecution of crimes within the county (County Law, § 700 [1]). Pursuant to authorization from the county board, the district attorney may appoint assistant district attorneys and assign them particular duties (id., § 702 [1], [2]). In this instance, the assistant district attorney has been assigned to prosecute DWI offenses and misdemeanors.
The social services attorney's duties are essentially civil in nature (Social Services Law, § 66 [1]). There exist instances, however, where the duties of the district attorney's office and the department of social services overlap. For example, in the course of proceedings involving persons in need of supervision, or child abuse and neglect, the social services attorney is required by the Social Services Law to report criminal or other wrongful activity to the district attorney's office (Social Services Law, §§ 111-b, 145, 150, 352, 418, 424; see 1963 Op Atty Gen [Inf] 67). The social services attorney would potentially be a witness for the prosecution. Inasmuch as it is inappropriate for an attorney to appear in an action as a witness and an advocate, the assistant district attorney may not prosecute any cases where he could potentially be called as a witness (Hoerger v Board of Educ. of Great NeckUnion Free School Dist., 129 A.D.2d 659, 660 [2d Dept, 1987]; Matter ofFox v Shapiro, 84 Misc.2d 223, 225 [Sup Ct, Orange Co, 1975]; Code of Professional Responsibility, DR 5-101). We believe that the attorney complies with his ethical responsibilities by recusing himself in cases where he could be called as a witness.
We conclude that a person serving as a county social services attorney and as an assistant district attorney may not participate as an assistant district attorney in any cases where he could potentially be called as a witness.